**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID DIMENT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 1:19-cv-01389 |
| | ) | |
| v. | ) | |
| | ) | |
| **CREDIT BUREAU OF CARBON** | ) | |
| **COUNTY, INC., d/b/a** | ) | |
| **COLLECTION CENTER, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DAVID DIMENT, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against CREDIT BUREAU OF CARBON COUNTY, INC., d/b/a COLLECTION CENTER, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the FCRA, 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DAVID DIMENT, (hereinafter, "Plaintiff") is an individual residing in the City of Round Lake, County of Lake, State of Illinois since November of 2018.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to University of Colorado Health.

6. The debt that Plaintiff allegedly owed University of Colorado Health was for medical services which were provided to Plaintiff in 2016.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

9. CREDIT BUREAU OF CARBON COUNTY, INC., d/b/a COLLECTION CENTER, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt primarily in the Rocky Mountain region. Defendant's principal place of business is located in the State of Wyoming. At all times alleged in this Complaint, however, Defendant was attempting to collect a debt from Plaintiff first in Colorado, and subsequently in Illinois after Plaintiff relocated in October of 2018.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail

and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

15. In or around July of 2016, Plaintiff visited a hospital in Loveland, Colorado and received medical care.

16. At the time, Plaintiff was uninsured, but the State of Colorado permitted Plaintiff to apply for Health First Colorado medical assistance benefits to retroactively cover past medical costs.

17. On or about October 1, 2016, Plaintiff applied for Health First Colorado medical assistance benefits, which would cover the medical expenses he received in July of 2016.

18. On or about August 30, 2017, University of Colorado Health initiated a lawsuit against Plaintiff to collect the Debt. At this time, Plaintiff's application for Health First Colorado medical assistance benefits remained pending.

19. At the bottom of the complaint filed by University of Colorado Health appeared the following language:

> "TO DISCUSS THIS CASE, PLAINTIFF(S) REQUESTS THAT DEFENDANTS CONTACT COLLECTIONCENTER, INC., THE COLLECTION AGENCY MAINTAINING THESE ACCOUNTS, AT 1-800-364-9901."

20. On December 29, 2017, Plaintiff's application for Health First Colorado medical assistance benefits was approved. Plaintiff was provided with a letter from State of Colorado advising him that his application was approved; was provided with a Health First Colorado ID number; and was notified that the Health First Colorado medical assistance benefits would cover for past medical costs during July of 2016.

21. Shortly thereafter, Plaintiff notified University of Colorado Health's attorney that his application for Health First Colorado medical assistance benefits had been approved to cover his past medical costs during July of 2016, and that he was therefore no longer obligated to pay the Debt.

22. Upon information and belief, because Defendant was "maintaining" Plaintiff's account, University of Colorado Health's attorney notified Defendant that Plaintiff's application for Health First Colorado medical assistance benefits had been approved.

23. On January 18, 2018, Plaintiff sent University of Colorado Health's attorney documentation from the State of Colorado that proved that Plaintiff had been approved for Health First Colorado medical assistance benefits that would cover the Debt.

24. Upon information and belief, because Defendant was "maintaining" Plaintiff's account, University of Colorado Health's attorney provided Defendant with the aforesaid documentation from the State of Colorado that proved that Plaintiff had been approved for Health First Colorado medical assistance benefits that would cover the Debt.

25. On February 22, 2018, the lawsuit initiated against Plaintiff by University of Colorado Health to collect the Debt was dismissed.

26. Plaintiff is not obligated to pay the Debt pursuant to C.R.S. 25.5-4-301.

**COUNT I: DAVID DIMENT v. COLLECTION CENTER, INC.
FOR VIOLATIONS OF THE FDCPA**

27. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

28. Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

29. Defendant has reported the Debt to one or more consumer reporting agency as recently as January of 2019.

30. Despite the fact that Plaintiff did not owe the Debt because Plaintiff had been approved for Health First Colorado medical assistance benefits to retroactively cover the Debt, Defendant reported the Debt as being owed by Plaintiff.

31. Each time Defendant reported the Debt to a consumer reporting agency, it was attempting to collect the Debt from Plaintiff by "parking" it on his credit report and causing a deleterious effect on his ability to obtain credit in order to persuade Plaintiff to pay the Debt.

32. By reporting the Debt to one or more consumer reporting agency despite the fact that Plaintiff was not obligated to pay it, Defendant misrepresented the character, amount, or legal status of the Debt.

33. By reporting the Debt to one or more consumer reporting agency despite the fact that Plaintiff was not obligated to pay it, Defendant reported information which it knew or should have known to be false.

34. In its attempts to collect the debt allegedly owed by Plaintiff to University of Colorado Health, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAVID DIMENT, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: DAVID DIMENT v. COLLECTION CENTER, INC. FOR VIOLATIONS OF THE FCRA

36. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

37. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

38. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

39. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with University of Colorado Health, as reported by Defendant. (hereinafter "the inaccurate information").

40. Specifically, Plaintiff asserts that he owes no debt to University of Colorado Health because he has been approved for Health First Colorado medical assistance benefits to retroactively cover the Debt, and is therefore not obligated to pay it.

41. Despite the foregoing, Defendant has disseminated information that Plaintiff owes a past due balance of $1,918 to University of Colorado Health and that such past due amount has been placed for collection with Defendant.

42. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

43. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

44. In or around September of 2018, Plaintiff disputed the inaccurate information with Experian by telephone communication to its respective representatives and by following its established procedures for disputing consumer credit information.

45. Furthermore, Plaintiff submitted documents and other information with his dispute to Experian that either proved that the disputed information contained within his credit reports was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

46. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

47. Defendant received notification from Experian that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

48. Upon information and belief, Defendant received from Experian, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

49. Upon information and belief, Defendant received from Experian additional information and documentation that Experian had received from Plaintiff relative to and in support of Plaintiff's dispute.

50. Defendant then and there owed Plaintiff a duty to assist Experian in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

51. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued to publish and disseminate such inaccurate information to various credit reporting agencies.

52. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove and/or correct the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

53. Plaintiff's credit reports and file have been obtained from Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

54. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

55. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

56. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

57. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

58. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual

and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, DAVID DIMENT, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

59. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**DAVID DIMENT**

**By:**   s/ David M. Marco
      Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com